UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ANTHONY FELTON, d/b/a FELTON
ENTERTAINMENT,

                     Plaintiff,             09 Civ. 7918

  -against-                               OPINION

KING OF SALSA, LLC, ET AL.,

                     Defendants.

------------------------------------X

A P P E A R A N C E S:

    <u>Attorney for Plaintiff</u>

    MARTIN L. FISHER
    5 Ganung Drive
    Ossining, NY  10562


    <u>Attorney for Defendants</u>

    CARL E. PERSON
    325 West 45th Street, Suite 201
    New York, NY  10036

**Sweet, D.J.**

Defendants King of Salsa, LLC ("KOS"), Steve Pappas ("Pappas"), Frank Gengemi ("Gangemi"), Mainstay Films, Inc. ("Mainstay"), James Acuri d/b/a Identity Features ("Acuri"), and Raul Carbonell ("Carbonell") (collectively, "Defendants") have moved to dismiss the action of Plaintiff Anthony Felton d/b/a Felton Entertainment ("Felton" or "Plaintiff") for lack of subject matter jurisdiction under Fed. R. Civ. P. Rule 12(b)(1), and, alternatively, for summary judgment dismissing the action under Fed. R. Civ. P. Rule 56.

For the reasons set forth below, Defendants' motions are denied.

**Prior and Related Proceedings**

Felton filed his complaint on September 15, 2009, which alleged the following: Felton owned the copyright in a screenplay entitled "The Singer: The Hector Lavoe Story" (the "Screenplay") (Compl. ¶ 3); Felton had been directing and producing a motion picture initially entitled "The Singer, the Hector Lavoe Story" (the "Film"), which is a

1

derivative work of the Screenplay (Compl. ¶¶ 14-15); between August 2006 and May 2007 certain agreements were entered into between the parties with respect to production of the Film (Compl. ¶¶ 17-28); and on July 31, 2009, Defendants showed a film that infringed Felton's copyright (Compl. ¶ 32). The complaint alleged seven causes of action: copyright infringement of Felton's Screenplay (Compl. ¶¶ 39-42); breach of the May 2007 contract (Compl. ¶¶ 43-46); declaratory judgment that the KOS copyright registration is invalid based upon the failure to perform the May 2007 contract (Compl. ¶¶ 47-52); fraud (Compl. ¶¶ 53-57); false designation of source and origin, in violation of the Lanham Act (Compl. ¶¶ 58-63); unfair competition (Compl. ¶¶ 64-67); and breach of contract by Carbonell (Compl. ¶¶ 68-71).

On August 24, 2009, Pappas and KOS filed a complaint against Felton, Reyes, Acuri, and Mainstay in the New York Supreme Court, New York County, alleging a breach of the three contracts entered into between the parties, an accounting, common trademark infringement, unfair competition, unjust enrichment, tortuous interference, declaratory judgment vacating Defendants' rights, tortuous interference with marketing of the Film, fraud and

2

misrepresentation, and deceptive acts and practices under New York General Business Law § 349.

The instant motion was heard and marked fully submitted on February 3, 2010.

**The Rule 12(b)(1) Standard**

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "When jurisdiction is challenged, the plaintiff 'bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists.'" Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008) (quoting APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003)). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted). As such, the Court may rely on evidence outside the pleadings, including declarations submitted in support of the motion and the

3

records attached to these declarations.  See Makarova, 201 F.3d at 113 ("In resolving a motion to dismiss . . . under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings.").

**The Complaint States a Copyright Claim**

The controlling authority where a complaint presents alleged copyright claim based in part upon contract violations is Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343 (2d Cir. 2000), not considered by the parties.  Bassett thoroughly reviews the complications presented by infringement claims alleged to be incidental to contract claims and therefore not arising under 28 U.S.C. § 1338(a).  Id. at 347-55.  In Bassett, the Second Circuit overruled Schoenberg v. Shapolsky Publishers, Inc., 971 F.2d 926 (2d Cir. 1992), and held that, "[w]hen a complaint alleges a claim or seeks a remedy provided by the Copyright Act, federal jurisdiction is properly invoked."  Id. at 355 (citing T. B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964)).

4

Here, the first cause of action of the complaint alleges a violation of Felton's copyrighted Screenplay. The third cause of action seeks to invalidate the KOS copyright on the Film, appropriately challenging the owner's claim that the Film was a work for hire based on a violated contract. Under Bassett, federal jurisdiction exists.

**The Motion for Summary Judgment is Denied**

Defendants have failed to comply with Local Rule 56.1(a) with respect to statements of material facts. This failure results in the denial of their motion for summary judgment. See, e.g., Doe v. Nat'l Bd. of Podiatric Med. Examiners, No. 03 Civ. 4034, 2004 WL 912599, at *3 (S.D.N.Y. Apr. 29, 2004) ("When a moving party fails to file a statement as required under Local Rule 56.1, it is within the discretion of the court to overlook that failure or to deny the motion."); Martinez v. Headley, No. 99 CV 1735, 2001 WL 483448, at *1 (E.D.N.Y. Jan. 18, 2001) ("Failure to comply with [Rule 56.1] constitutes grounds for denial of the motion.").

5

**Conclusion**

Based upon the foregoing conclusion, the motions of Defendants to dismiss the complaint and for summary judgment are denied.

It is so ordered.

**New York, NY**
**April 29, 2010**

ROBERT W. SWEET
U.S.D.J.